Commonwealth *v.* Fleming, Appellant.

Submitted December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David E. Auerbach,* Assistant Public Defender, and *Kenneth P. Barrow,* Public Defender, for appellant.

*Vram Nedurian, Jr.,* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., March 31, 1975:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Delaware County, by the appellant-defendant, Gerald Fleming, after conviction by a jury of charges of assault with intent to ravish, indecent assault, assault and battery, indecent exposure and corrupting the morals of a minor. He was found not guilty of carrying a concealed deadly weapon. Post-conviction motions were denied.

The trial in question was the third trial of the defendant for charges arising out of an incident that occurred August 3, 1972. He was originally charged with robbery, larceny, receiving stolen goods, carrying a concealed deadly weapon, violation of the firearms act, pointing a deadly weapon, as well as the crimes for which he was tried that resulted in this appeal.

He came to trial first on March 13, 1973. Demurrers and/or directed verdicts were sustained and directed in regard to the charges of robbery, larceny, receiving stolen goods, firearms act violation and pointing a deadly weapon. A mistrial was declared on the remaining indictments when the jury was deadlocked for two days.

On June 11, 1973, a second jury trial was held on the remaining indictments before Judge Lewis A. BLOOM. A demurrer was sustained to the charge of public indecency. The jury again was deadlocked on the remaining charges and a mistrial was declared on June 13, 1973.

Subsequent to the second trial a petition for habeas corpus was filed for the discharge of the defendant who was incarcerated as a result of his violation of parole for another unconnected crime. As pointed out by Judge Francis J. CATANIA the order dismissing the Writ of Habeas Corpus was made by Judge Robert F. WRIGHT and no appeal was taken from this order so his complaint concerning the refusal of the Writ of Habeas Corpus is without merit.

The third trial was held before Judge Francis J. CATANIA and a jury. The same evidence was presented by the Commonwealth which resulted this time in a conviction of charges with intent to ravish, indecent assault, assault and battery, indecent exposure and corrupting the morals of a minor.

The principal thrust of the appellant's appeal is that he was subjected to double jeopardy in violation of his constitutional rights. He relies on *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973) as authority for his position. *Commonwealth v. Campana, supra,* held that multiple offenses growing out of "acts", "episodes" or "transactions" must be tried in one prosecution. Here, however, all charges growing out of one incident were prosecuted in one trial. Demurrers were entered on certain of the charges and directed verdicts on others of the charges as related herein above, but the only reason for

the necessity of the three trials for the remaining offense growing out of the same incident was because of the fact that the juries could not unanimously agree so that mistrials had to be directed and new trials required. This is not in violation of the constitutional guarantee of protection from double jeopardy.

Judgment of sentence is affirmed.